UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA**

v.                                                            **CASE NO: 5:17-cr-36-Oc-27PRL**

**AVERY LEANARD TUMER**
_____/

### REPORT AND RECOMMENDATION[1]

This matter is before the Court on the issue of Defendant's competency to proceed to trial. Upon due consideration of the expert's report, along with his testimony and the arguments of counsel, I submit that the defendant, Mr. Tumer, is competent to stand trial.

**I.   Background**

On February 1, 2018, at a status conference, defense counsel informed the Court that he anticipated filing a motion for a court-ordered competency examination. That motion was not filed, but the United States nevertheless sought a competency exam by a court-appointed psychiatrist or psychologist pursuant to 18 U.S.C. § 4241 in order to determine whether Defendant is capable of understanding the proceedings against him and is competent to stand trial. At the request of the Government (and with the consent of Defendant), I ordered Defendant to be examined by Brian Cooke, M.D., with the University of Florida, College of Medicine, Department of Psychiatry at the Marion County Jail, Ocala, Florida. (Doc. 55). Dr. Cooke conducted the evaluation on April 27, 2017, and submitted his written report dated April 30, 2018, opining that Defendant is

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b) (2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

competent to proceed with this case. (Doc. 66). I conducted an evidentiary hearing on the issue of competency on May 15, 2018.

At the hearing, Dr. Cooke, who is well-qualified as an expert in forensic psychiatry, testified consistent with his report that Defendant, who appeared to show he had below average intelligence, displayed a lack of effort during the examination and appeared to be exaggerating or fabricating symptoms of cognitive impairment for secondary gain. Dr. Cooke also opined that Defendant did not have a psychiatric diagnosis per the DSM-5; appeared to purposely answer some questions incorrectly; and did not put forth his best effort to answer other questions. Dr. Cooke further opined that if Defendant's deficits were to be accepted as genuine, then he would be expected to be profoundly impaired and would likely require an assisted living facility since he would be unable to perform basic activities of daily living.[2] Based on his examination, Dr. Cooke concluded that Defendant was not suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The government also proffered, but did not submit, a forensic psychological evaluation prepared by Scott D. Machlus, Ph.D. in another case pending in this Court against Defendant.[3] Both parties questioned Dr. Cooke about the content of Dr. Machlus's report. Dr. Cooke testified that Dr. Machlus's report was not inconsistent with his own findings and (indeed) that Dr. Machlus opined that Defendant has low intelligence and showed signs of malingering or feigned symptoms.

---

[2] Dr. Cooke explained that while Defendant may have spent time incarcerated, incarceration is not the equivalent of assisted living.

[3] Dr. Machlus's evaluation was performed in case number 5:17-cv-19-RBD-PRL. Defendant intends to offer the evaluation as mitigation evidence at his sentencing which is scheduled for May 16, 2018.

Dr. Cooke confirmed that Dr. Machlus's report did change his own opinion that Defendant is competent to stand trial.[4]

## II. Discussion

The standard for competency to stand trial is whether a defendant, in light of a mental disease or defect, "has sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." *United States v. Hogan,* 986 F.2d 1364, 1371 (11th Cir.1993) (citations and internal quotation marks omitted). A defendant raising a substantive claim of incompetency bears the burden of demonstrating his incompetency by a preponderance of the evidence." *United States v. Bradley,* 644F.3d 1213, 1268 (11th Cir. 2011) (citing *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)).

Here, the only evidence offered in this case is Dr. Cooke's opinion and testimony that Defendant is competent to proceed. Defendant offered no evidence to refute Dr. Cooke's opinions, or to otherwise demonstrate that he is incompetent. While defense counsel questioned Dr. Cooke's opinion, Dr. Cooke's responses appeared reasonable and supported. In fact, at the conclusion of the hearing, defense counsel clarified that he was **not** actually arguing for incompetence or competence; rather, he was simply trying to flesh out Dr. Cooke's report.

Moreover, Defendant's participation in this case to date supports Dr. Cooke's conclusion that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Indeed, Defendant was previously represented by Attorney Warren

---

[4] While the government noted that Dr. Machlus's report appeared to have been prepared for sentencing purposes, as opposed to address a question of competency, the Court observes that nobody proffered that Dr. Machlus's reported contained findings that Defendant was incompetent. Defense counsel questioned Dr. Cooke about Dr. Machlus's opinion that Defendant was of below average intelligence (something Dr. Cooke already believed to be the case), but Dr. Cooke explained that that didn't equate to incompetence.

Zimmerman in both this case and case number 5:17-cv-19-RBD-PRL. Defendant ultimately sought new counsel in this case because he disagreed with Attorney Zimmerman's defense strategy, however, he was satisfied with his representation in the other case. (Docs. 24, 27).

Under these circumstances, and in the absence of any compelling argument or evidence showing otherwise, I submit that Defendant is competent to stand trial.

### III.   Conclusion

Accordingly, I recommend that the Defendant be deemed competent to stand trial.

Recommended in Ocala, Florida on May 15, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy